# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| Robert J. Stephens, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | 3:16-cv-00210 JWS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Reni Millar, | ) | [Re: Motion at docket 13] |
| | ) | |
| Defendant. | ) | |

## I. MOTION PRESENTED

At docket 13, defendant Reni Millar ("Millar") moves to set aside the default judgment entered against her at docket 12. Plaintiffs Robert J. Stephens and Alaska and N.W. Charters, LLC ("Plaintiffs") respond at docket 15. Millar filed no reply. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

The background giving rise to this lawsuit is set out at some length in the parties' motion papers. It need not be repeated here. For purposes of the pending motion, the relevant background is more limited. On September 8, 2016, Plaintiffs filed suit against Millar seeking declaratory relief to the effect that they are not liable for payment of maintenance and cure to Millar under the general maritime law and that Millar is not

entitled to make claims for unseaworthiness under either the general maritime law or negligence under the Jones Act.  According to the affidavit of process server Shane Swatzell filed at docket 7, Millar was personally served with a summons and a copy of the complaint at 5:19 PM on September 26, 2016, at her residence in Houston, Texas.  Millar failed to appear and did not respond to the complaint, so Plaintiffs moved for entry of default which the Clerk entered on October 10, 2016.  Thereafter, Plaintiffs' moved for a default judgment.  Default judgment was entered by the court against Millar at docket 12.  Almost five months later, Millar moved to set aside the default.  The basis for Millar's motion is her contention that she was not actually served with process on September 26, 2016.  She supports her position with her own affidavit filed at docket 14.  In addition to the original Swatzell affidavit of service, Plaintiffs rely on the Declaration of Shane Swatzell filed at docket 16.

## III.  DISCUSSION

Federal Rule of Civil Procedure 55(c) authorizes a district court to set aside a default judgment upon a showing of good cause.  Millar's effort to show good cause rests on her assertion that she was not actually served with process.  While a failure to actually make service would certainly be good cause, here, an affidavit of service sworn under penalty of perjury by a process server was filed in this court before default was entered.  Swatzell's declaration at docket 12 elaborates on how service was made.  The declaration explains that on September 26, 2016, Swatzell knocked on the front door of Millar's residence at 666 Park Lane in Houston, Texas.  The knock went unanswered, but Swatzell observed a woman standing in the home's driveway behind a gate.  He identified the woman as Millar using a photograph provided by Plaintiffs' counsel.

2

Swatzell asked the woman if she were Reni Millar.  In response, the woman turned and looked directly at Swatzel, but said nothing.  Swatzell then placed the service papers on the ground by the driveway gate in plain view about ten feet from where the woman stood, and announced that he had made service on Millar.  If Swatzell is believed, process was effectively served pursuant to Fed. R. Civ. P. 4(e)(2).

Millar argues that Swatzell must be lying, because she was not at home.  Her self-serving affidavit is corroborated only by two grocery store receipts.  One is for a purchase at 2:56 PM and another is for a purchase at 7:54 PM.  While Millar's affidavit says she was spending time with her friends Stan and Rita Bradberry, she does not provide any corroborating statement from either of them.  Millar's affidavit also says that she learned of the papers on the ground "a few days" after September 26, 2016, when her neighbor Rita Bradberry called to say she had seen some papers in the driveway.  However, as shown in Millar's own motion papers at docket 13, on September 27, 2016, Millar emailed her then attorney saying there were "civil docs" in her driveway and asked him what to do.  (Doc. 13-7)  In sum, Millar's affidavit is not credible and is insufficient to overcome Swatzell's affidavit of service and supplementary declaration.  The court believes Swatzell and concludes that service was made on September 26, 2016.

## IV.  CONCLUSION

For the reasons above, the motion at docket 13 is DENIED.

DATED this 7th day of May 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT